E. L. GUIDRY, Jr., Justice Ad Hoc.*
Defendant in this case appeals from his conviction and sentence for the crime of armed robbery. In a companion matter entitled State of Louisiana v. Ronald O’Shea Bowden, our docket No. 81-KA-1377, defendant appeals from his conviction and sentence for the crime .of forcible rape. Both offenses arise out of the same incident and the matters were consolidated on appeal for purposes of argument. We decide the issues presented in both cases in this opinion but render a separate decision in the matter entitled State of Louisiana v. Ronald O’Shea Bowden, 406 So.2d 1325, our docket No. 81-KA-1377.
On December 31, 1979, defendant, Ronald O’Shea Bowden, III, was arrested for the aggravated rape, armed robbery, and attempted first degree murder of a Ruston, Louisiana woman. Upon discovering that the defendant was a juvenile (Bowden was 15 years of age at the time of the commission of the offenses), investigating officers brought the defendant before the Ruston City Juvenile Court where the juvenile judge, after hearing the evidence, concluded that there existed adequate grounds for the continued detention of the defendant. Shortly thereafter, the State filed a motion to transfer the matter to the District Court. A transfer hearing was conducted on January 3, 1980. As a result of this hearing all charges against Bowden were ordered transferred to the District Court where the juvenile defendant could be tried as an adult. Subsequent to this transfer hearing, the State, recognizing the doubtful validity thereof, moved for an order rescinding the juvenile court’s prior order of transfer and for a dismissal of the transfer proceeding. *1318 The State, in brief and argument to this court, admits that an order was subsequently granted dismissing this transfer proceeding.
On March 10, 1980, the Lincoln Parish Grand Jury returned an indictment charging the defendant with aggravated rape, a violation of LSA-R.S. 14:42. On April 11, 1980, the defendant was formally arraigned in District Court on the aggravated rape charge and entered a plea of not guilty and not guilty by reason of insanity. Thereafter, the District Court conducted a sanity hearing after which the trial judge concluded that the defendant was competent to stand trial. Trial of the defendant on the aggravated rape charge was set for November 10, 1980. On the date set for trial, defense counsel moved to quash the indictment urging that under the 1979 amendment to Article 5, Sec. 19 of the 1974 Louisiana Constitution the District Court had no jurisdiction over persons under the age of seventeen. The trial court overruled defendant’s motion, whereupon defendant moved to stay the proceedings so that he could petition this Court for remedial writs. Defendant’s motion to stay was granted and the date for trial was subsequently moved to February 2, 1981. We subsequently denied writs. See State v. Bowden, 395 So.2d 810 (La.1980).
On January 30, 1981, the State filed with the District Court, sitting as a juvenile court, a bill of information charging Bow-den with armed robbery and attempted second degree murder. Simultaneously, the State filed a petition with the juvenile court requesting that the defendant be transferred to the jurisdiction of the District Court for trial as an adult on the armed robbery charge. A transfer hearing was then held and the State’s petition for transfer was granted. Following the transfer hearing, the juvenile court heard and accepted the defendant’s guilty plea to the charge of attempted second degree murder. Subsequently, the District Court convened to address the armed robbery charge and the aforementioned grand jury indictment charging the defendant with aggravated rape. The State then filed a bill of information with the District Court formally charging the defendant with armed robbery. Thereafter, Bowden entered a guilty plea to the armed robbery charge and on the aggravated rape indictment, defendant pled guilty to the lesser charge of forcible rape in accordance with plea negotiations. The District Court accepted Bowden’s guilty pleas subject to a specific reservation of his right to question the District Court’s jurisdiction on appeal.
On March 27, 1981, following a pre-sen-tence investigation, Bowden was sentenced to serve 40 years at hard labor without benefit of probation, parole, or suspension of sentence in connection with the forcible rape conviction and 50 years at hard labor without benefit of probation, parole, or suspension of sentence on the armed robbery conviction, the sentences to run concurrently-
Defendant appeals both convictions. The following issues are presented on appeal:
(1) Did the District Court err in denying defendant’s motion to quash the indictment charging Bowden with aggravated rape for lack of jurisdiction, in light of the 1979 amendment to Article V, Sec. 19 of the 1974 Louisiana Constitution?
(2a) Did the District Court err in exercising jurisdiction over the juvenile defendant in regard to the bill of information charging Bowden with armed robbery considering the 1979 amendment to Article V, Sec. 19 of the 1974 La.Constitution? and,
(2b) If not, did the record before the juvenile court contain sufficient evidence to justify the transfer of the armed robbery matter to the district court?
Defendant argues that Article V, Sec. 19 of the 1974 Louisiana Constitution as amended by Act 801 of 1979, enacted thirty-one days before the subject crimes were committed and in full force and effect on the date of commission of the subject offenses, prohibited the trial of persons under seventeen years of age as adults in the district court and further mandated that all such persons were required to be tried pursuant to special juvenile procedures estab *1319 lished by law. Thus, defendant argues the district court lacked jurisdiction over him at the time of his convictions.
Prior to the 1979 amendment, Article V, Sec. 19 of the 1974 Louisiana Constitution provided as follows:
“Section 19. Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that adult procedures would apply in individual cases....”
The constitutional provision above quoted authorized the trial by the district court of juvenile defendants, 15 years of age or older, who were accused of committing a capital crime or the crime of attempted aggravated rape.[1] Thus, Article V, Sec. 19 before the 1979 amendment provided that the State could initiate the prosecution of a juvenile defendant who had reached the minimum age and who was accused of one or more of the aforesaid crimes directly in the district court without any proceedings whatsoever in the juvenile court.
Prior to the commission of the instant offenses by Bowden, Act 801 of 1979 was adopted which amended Article V, Sec. 19 so as to provide:

“Section 19. The determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures which shall be provided by law. However, the legislature may (1) by a two-thirds vote of the elected members of each house provide that special juvenile procedures shall not apply to juveniles arrested for having committed first or second degree murder, manslaughter, aggravated rape, armed robbery, aggravated burglary or aggravated kidnapping, and (2) by two-thirds vote of the elected members of each house lower the maximum ages of persons to whom juvenile procedures shall apply, and (3) by two-thirds vote of the elected members of each house establish a procedure by which the court of original jurisdiction may waive special juvenile procedures in order that adult procedures shall apply in individual cases. The legislature, by a majority of the elected members of each house, shall make special provisions for detention and custody of juveniles who are subject to the jurisdiction of the district court pending determination of guilt or innocence.”

One of the effects of the aforesaid amendment was the removal of the State’s authority to initiate the prosecution of juveniles in the district court until enabling legislation was adopted by a two-thirds vote of the legislature pursuant to subparagraph (1) of Article V, Sec. 19.
Defendant contends that the district court obtained no jurisdiction by virtue of the March 10, 1980 grand jury indictment charging him with aggravated rape because when this crime was committed and the grand jury indictment obtained the previous constitutional authority authorizing the *1320 initiation of such a prosecution of a juvenile 15 years of age in the district court had been abrogated by the 1979 amendment to Article V, Sec. 19. Additionally, defendant contends that the District Court was without jurisdiction of the aggravated rape indictment, as well as the bill of information charging him with armed robbery, because Act 801 of 1979 amending Article V, Sec. 19 of the 1974 Louisiana Constitution invalidated all pre-existing legislation governing the procedure for waiver of juvenile jurisdiction. The defendant argues that, although the aforesaid amendment empowered the legislature to enact statutory exceptions to the general provision that all persons under the age 17 shall be tried pursuant to special juvenile procedures established by law, the legislature did not do so until the adoption of Act 482 of 1980. Therefore, defendant contends, the district court lacked jurisdiction over him since the subject crimes were committed after the effective date of the constitutional amendment but prior to the adoption of Act 482 of 1980.
Initially, we observe that the 1979 amendment to Article V, Sec. 19 had the effect of invalidating only such laws as were in conflict therewith.
At the time of the commission of the subject offenses LSA-R.S. 13:1570 A(5) provided for the initiation of prosecution in the district court of juveniles, 15 years of age or older, charged with having committed a “capital crime, or a crime defined by any law defining attempted aggravated rape,” [2] and LSA-R.S. 13:1571.1 et seq. (the Juvenile Transfer Act — Act 568 of 1974 as amended by Act 337 of 1975)[3] provided that juvenile defendants, age fifteen years or older, could be tried as adults in the district court provided transfer proceedings were conducted in the juvenile court in accordance with the provisions of LSA-R.S. 13:1571.1.[4] Neither *1321 of these statutes, which were enacted prior to the amendment to Article V, Sec. 19 of the 1974 Louisiana Constitution, conflict with the amendment. Quite to the contrary, the amendment specifically provides that by law enacted by two-thirds of the elected members of each house, the legislature may provide that any special juvenile procedures shall not apply to juveniles arrested for having committed aggravated rape and further provides for the legislative establishment of a procedure by which the court of original jurisdiction may waive special juvenile procedure in order that adult procedures apply in individual cases.
As stated by Justice Lemmon in his concurring opinion in State of Louisiana, In the Interest of Ray Mitchell Caldwell, Jr., 386 So.2d 917:

.. the grand jury indictment (aggravated rape) was proper under R.S. 13:1570 (A)(5), which is not in conflict with La. Const.1974, Art. 5, Sec. 19, as amended in 1979, and which was not intended to be affected by the 1979 amendment.

R.S. 18:1570 (A)(5) remained valid and viable in March, 1980, the date of the crime at issue here. Both R.S. 13:1570 (A)(5) and R.S. 13:1571.1 (the transfer statute) drew their constitutional basis from the former La.Const. 1974, Art. 5, Section 19 (before the 1979 amendment) and neither statute is in conflict with Section 19, as amended. Indeed, one evident purpose of the 1979 amendment was to expand the legislature’s authority to provide for ‘automatic’ jurisdiction of district courts for certain crimes, thereby eliminating the need for transfer proceedings. Moreover implied repeal is not favored. Liter v. City of Baton Rouge, [258 La. 175] 245 So.2d 398 (La.1971). ...”
Were this court to adopt defendant’s argument, it would create an incongruous situation where for the period of November 30, 1979 through September 9, 1980 (the effective date of the amendment to LSA-R.S. 13:1570 and 1571.1) a juvenile defendant could not be tried in district court regardless of the crime alleged to have been committed and the circumstances surrounding same. Clearly, such a “hiatus” in the law was not intended by the Legislature or the people of this State.
In sum, we conclude that the adoption of the 1979 amendment to Art. V, Section 19 of the Louisiana Constitution of 1974 did not have the effect of abrogating the provisions of LSA-R.S. 13:1570 and 1571.1 et seq., in effect on the date of the commission of the instant offenses, nor did the adoption of the amendment require a re-enactment of non-conflicting statutes enacted pursuant to the former Section 19’s grant • of authority.
The prosecution of defendant for the crime of aggravated rape was initiated in the district court pursuant to grand jury indictment. This was procedurally proper, the district court being vested with jurisdiction under the provisions of LSA-R.S. 13:1570 (A)(5).[5] Accordingly, the conviction and sentence of defendant for the crime of forcible rape will be affirmed.
The instant record reflects significantly different procedural circumstances by which the defendant was convicted of armed robbery by the district court. Since *1322 we have concluded that Act 801 of 1979 did not abrogate the pre-existing legislation governing the trial of juveniles as adults by the district court, we must now determine if the defendant was properly transferred to the jurisdiction of the district court for trial pursuant to the bill of information charging him with armed robbery.
As stated previously, the initial transfer order issued by the Ruston City Juvenile Court on January 3, 1980 pertaining to all three original criminal charges filed against Bowden was rescinded and the petition dismissed. However, on January 30, 1981, subsequent to the adoption of Act 801 of 1979 as well as after the enactment of Act 482 of 1980, which amended the procedure for transfer hearings, the State filed with the District Court, sitting as a juvenile court, a petition requesting that the defendant be transferred to the jurisdiction of the district court for trial as an adult on the armed robbery charge. The record reflects that a transfer hearing was held and the matter was subsequently transferred to the district court in accord with the provisions of LSA-R.S. 13:1571.1
Defendant contends that under the provisions of LSA-R.S. 13:1571.1 insufficient evidence was presented at the transfer hearing to justify a transfer to the district court. Specifically, defendant argues that the transfer proceedings are invalid because there is no evidence in the record to support the juvenile court’s conclusion that the defendant is not amenable to treatment or rehabilitation through facilities available to the juvenile court. We disagree.
In this connection the juvenile court judge stated as follows:
“Let the record show that the Court has examined the transcripts. That the Court finds that there are reasonable grounds to believe that this juvenile is not amenable to treatment or rehabilitation through facilities available to the Juvenile Court. The Court determines that any treatment or rehabilitation of this juvenile would have to be of a stronger and more lengthy time and a more restricted environment, a more disciplined type of environment than could be afforded by the facilities available in the juvenile procedure and the Juvenile Court system and the Court also finds that there is probable cause shown in the transcripts to believe that this juvenile has committed the offense of armed robbery and which is an offense, one of the most serious offenses, and that the record shows that that offense and the others related to it and that occurred — that were committed or alleged to have been committed at this time or on this same victim, were of such a heinous nature as to be, if the defendant is guilty or the juvenile is guilty, to warrant such punishment beyond the facilities of the juvenile system to inñict or to impose and, therefore, the Court orders the transfer of these proceedings, the armed robbery proceeding against this juvenile to the District Court.”
In determining whether or not there should be a waiver of juvenile jurisdiction, our courts have never attempted to prescribe criteria, specific standards or the quantum of evidence necessary to support such a conclusion. Rather, our courts have consistently held that the determination of whether or not a juvenile defendant is amenable to treatment within our juvenile system is a matter which lies within the sound discretion of the juvenile court judge. State in the Interest of Smith, 359 So.2d 1271 (La.1978). In the instant case the juvenile court judge had before him all of the transcripts of the evidence taken at the prior hearings as well as the defendant’s juvenile record. Further, the record reflects that at the time the defendant committed the instant offenses he was on Christmas furlough from Louisiana Training Institute.
Although, the juvenile court judge makes no specific mention of the defendant’s age and maturity he obviously took these factors into consideration in reaching the conclusion to waive juvenile jurisdiction. The juvenile court judge had the opportunity to observe the defendant and ascertain his level of maturity and sophistication. Quite obviously, the juvenile court judge, being fully familiar with the facilities offered by *1323 Louisiana’s juvenile justice system, concluded that because of the nature and the seriousness of the offenses charged defendant was not amenable to rehabilitation and treatment within that system.
In sum, we conclude that the reasons advanced by the juvenile court judge for his conclusion are adequate, well-reasoned and fully supported by the evidence in the record.
For the reasons assigned defendant’s conviction and sentence are affirmed.
AFFIRMED.
CALOGERO, J., dissents in part, concurs in part and assigns reasons applicable to the consolidated cases, # # 81-KA-1376 and 81-KA-1377.
DENNIS, J., dissents in part, concurs in part and assigns reasons in Nos. 81-KA-1376 and 81-KA-1377.

 Judges E. L. Guidry, Jr. and G. William Swift, Jr. of the Court of Appeal, Third Circuit and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associates Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson and- Harry T. Lemmon.

. Although a literal interpretation of Article V, Section 19 of the 1974 Louisiana Constitution provided for the initiation of prosecution in the district court only when juveniles of the minimum age were accused of committing a capital crime or the crime of attempted aggravated rape, this Court concluded in State ex rel. Coco, 363 So.2d 207 (La.1978) that such an interpretation would create an incongruous situation wherein the more serious offense of aggravated rape would be relegated to the jurisdiction of the juvenile court while the lesser included offense of attempted aggravated rape would fall to the district court wherein adult procedures would apply. This court concluded in Coco, supra, that the intent of the drafters of the constitutional provision was to include aggravated rape within the jurisdiction of the district court.

. See footnote (1).

. In State in the Interest of Hunter, 387 So.2d 1086 (La.1980), this court declared Act 460 of 1978 amending LSA-R.S. 13:1571.1 unconstitutional. However, in Hunter we specifically held that the aforesaid act which purported to repeal ail former versions of LSA-R.S. 13:1571.-1, by amending and re-enacting the statute in a manner violative of due process and state constitutional requirements, was ineffective to repeal the former juvenile transfer statute.

. LSA-R.S. 13:1571.1 states:
“A. Effective January 1, 1975, after a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense by the statutes of the United States, of this state, or by ordinance of local political subdivisions exercising general governmental functions, the court, before hearing the petition on its merits, may transfer the alleged offender for prosecution to the appropriate court exercising criminal jurisdiction if the district attorney, the alleged offender, or the court on its own motion, files a transfer petition and the following conditions are met:
(1) The child has attained the age of fifteen years or more at the time of the alleged conduct;
(2) A hearing on whether the transfer should be made is held in conformity with R.S. 13:1571.2;
(3) Notice in writing of the time, place and purpose of the hearing is given to the child and his parents, tutor, or other custodian at least ten days before the hearing; and
(4) The court finds that there are reasonable grounds to believe that the child is not amenable to treatment or rehabilitation through facilities available to the juvenile court.
(5) The child has previously been adjudicated a delinquent by the commission of any of the following offenses: second degree murder, manslaughter, negligent homicide, simple rape, armed robbery, aggravated battery, aggravated burglary, aggravated arson and aggravated kidnapping.
B. The transfer terminates the jurisdiction of the juvenile court over the child with respect to the delinquent acts alleged in the petition.
C. No child, either before or after attaining the age of seventeen shall be prosecuted in criminal court for an offense which was allegedly committed by the child who had not then attained the age of seventeen unless the case has been transferred to criminal court as provided herein, or except as otherwise provided by law.
D. Notwithstanding any provision of law to the contrary when an offender fifteen years of age or older is charged with armed robbery or a crime punishable by life imprisonment, and a petition is filed in the juvenile court requesting the transfer of the offender to a district court of general criminal jurisdiction in accordance with R.S. 13:1571.1 et seq., should the juvenile court approve the petition for transfer the juvenile court shall order such transfer without a previous adju *1321 dication of delinquency and the provisions of Paragraph 5 of Subsection A of this Section shall not be applicable in such instance.”

. LSA-R.S. 13:1570 (A)(5) provides:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any .child whose domicile is within the parish or who is found within the parish:

(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense: and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.”