PONDER, Judge.
Walter Wilson was convicted of aggravated rape and sentenced to life imprisonment. He appealed assigning as errors the denial of a motion to suppress inculpatory statements made by him and the overruling of a defense objection to the State’s closing argument. Not assigned as error, but argued in defendant’s brief, is the alleged patent error of the trial court in allowing the defendant, a juvenile at the time of the commission of the offense, to be tried as an adult.
We affirm.
JURISDICTION
Defendant alleges the trial court erred in bringing him to trial as an adult rather than as a juvenile. At the time of the commission of the offense, LSA-R.S. 13:1570(A)(5) provided that the prosecution of a juvenile, fifteen years or older, could be initiated in district court when “charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape.”[1] Included within the *348 district court jurisdiction granted by that provision was the crime of aggravated rape. State v. Bowden, 406 So.2d 1316 (La.1981); State ex rel., Coco, 363 So.2d 207 (La.1978). Defendant’s argument is without merit.
THE MOTION TO SUPPRESS
Shortly after his arrest, a police officer questioned the defendant and recorded some inculpatory statements. Defendant moved to suppress the statements alleging that the State failed to prove they were knowingly, intelligently and voluntarily made. After a hearing, the motion was denied.
At the trial, the State did not introduce the statements into evidence. Nor were the statements made by the defendant mentioned in the State’s opening argument. Defendant was not prejudiced by the denial of the motion to suppress. State v. Baylis, 388 So.2d 713 (La.1980). The issue became moot when the State did not introduce the evidence.. State v. Smith, 339 So.2d 829 (La.1976), cert. denied, Smith v. Louisiana, 430 U.S. 986, 97 S.Ct. 1685, 52 L.Ed.2d 381 (1977).
Defendant’s first assignment of error lacks merit.
STATE’S CLOSING ARGUMENT
Defendant’s second assignment of error was not briefed or argued by the defendant and is considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La. 1982).
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.

. La.R.S. 13:570(A)(5) provided:
Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been *348 actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.